IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KEITH BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1302-N-BN |
| | § | |
| FIRST NATIONAL BANK OF TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Michael Keith Brown brings this *pro se* action appearing to allege that his civil rights have been violated. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

On June 6, 2019, the Court granted Brown leave to proceed *in forma pauperis*, *see* Dkt. Nos. 5 & 6, and issued a Notice of Deficiency and Order Regarding Complaint, notifying him "of certain deficiencies in the complaint as filed that must be remedied no later than July 8, 2019 to allow this action to proceed," Dkt. No. 7 (further warning him "that failure to comply with this order by filing an amended complaint will result in a recommendation that this action be dismissed" (citing FED. R. CIV. P. 41(b); emphasis omitted)) (the "NOD"). Granting Brown's motion, the Court extended the deadline to comply with the NOD to August 9, 2019. *See* Dkt. Nos. 8 & 9.

It is now more than one month past the extended deadline to comply with the Court's order, and Brown has failed to file an amended complaint. The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

## Legal Standards and Analysis

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with

relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) –

potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not filing an amended complaint as required by the NOD, Brown has prevented this action from proceeding. And, by so doing, he has failed to prosecute his lawsuit and also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Brown decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 1, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE